No. 13-35491

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ANGELO DENNINGS, *et al.*, on behalf of himself and
all others similarly situated,
*Plaintiffs-Appellees*,

v.

CLEARWIRE CORPORATION,
*Defendant-Appellee*,

———————————————————————

GORDON B. MORGAN and JEREMY DE LA GARZA,
*Objectors-Appellants.*
———————————————————————

On Appeal from the United States District Court
for the Western District of Washington. Case No. 2:10-cv-1859-JLR
The Honorable James L. Robart

APPELLANTS' MOTION TO VACATE APPEAL BOND ORDER

Christopher A. Bandas (00787637)
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401
Telephone: 361/698-5200
Facsimile: 361/698-2222

*Attorneys for Appellants Jeremy De La Garza and Gordon Morgan*

INTRODUCTION

Appellants respectfully submit this motion to vacate the $39,150 portion of the district court's appeal bond order (Dkt. 142) that was improperly calculated in the trial court's bond order. That order mandates that appellants to post a bond in the amount of $41,150 within five (5) days, or dismiss the appeal, or face sanctions by the court.

Appellants responded by filing an appeal of that order and an emergency motion for stay of $39,150 of the $41,150 bond amount. Appellants filed an emergency motion (Dkt. 151) with the district court requesting a stay of the bond order, which was denied by that court. Dkt. 152. Appellants' emergency Circuit Rule 27-3 motion to stay the appeal bond order filed July 11, 2013 was denied by this Court. Dkt. 15.

Appellants diligently and in good faith proffered payment of the undisputed $2,000 portion of the bond, which the district court refused to accept and returned via USPS mail. Appellants, in an attempt to once again remit the legitimate portion of the bond, re-sent the $2,000 bond check via Federal Express to the clerk of district court today, July 16, 2013. *See* Declaration, below.

Appellants respectfully submit that the remaining $39,150 in "administrative fees" is not permitted by Ninth Circuit law, nor is the district court's command to dismiss the appeal.

Appellants respectfully request that the Court vacate the district court's order to to the extent it improperly includes $39,150 in "costs" that cannot be included in the bond amount calculation as a matter of law.

Appellants assert that failure to vacate the bond order will result in extreme and undue prejudice, including subjecting Appellants to the trial court's order to dismiss their appeal or face sanctions.

ARGUMENT AND AUTHORITY

**1. Federal Rule of Civil Procedure 60 Empowers the Court to Vacate an Improper Order.**

Pursuant to Fed. R. Civ. P. 60, a court may, if a party's motion is made within a reasonable time, relieve a party from a[n] order" for any "reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60 give the court power to vacate a judgment "whenever such action is appropriate to accomplish justice." *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) *quoting Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949).

The bond order includes $39,150 in "costs" that are simply not allowable under FRAP 7 and further orders Appellants to dismiss their appeal, which directly contravenes Ninth Circuit law as established in *Azizian*. Appellants assert that failure to vacate the bond order will result in extreme and undue prejudice when they are clearly attempting to comply with court orders without facing the irreversible harm of dismissing a meritorious appeal or having to face sanctions for failing to comply with an *ultra vires* order.

**2. An Order to Dismiss An Appeal for Failure to Post a Bond is *Ultra Vires***

The district court's bond order mandates that within five (5) days Appellants must post a bond in the amount of $41,150 or withdraw their meritorious appeal, or they will face sanctions.

This Court clearly states that "an appellant is not required to post a Rule 7 bond to perfect its appeal." *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007). In *Azizian*, the Court weighs four factors in its determination of whether to dismiss an appellant's appeal: (i) whether appellant made a "'good faith proffer of a lesser [undisputed amount]'" and sought a stay of the bond order in the district court; (ii) whether appellant offered a meritorious legal argument for reducing the bond amount; (iii) merit of the appeal; and (iv) whether appellant's failure to post an appeal bond will cause "undue prejudice by delaying completion of the settlement." This test is entirely within the discretion of the Ninth Circuit, so the district court impermissibly usurps the Ninth Circuit's authority with its threat to sanction Appellants for non-payment of an appeal bond and failure to dismiss their appeal.

Here, Appellants made a good faith posting of the undisputed $2,000 portion of the bond and have exercised diligence in moving in the district court for a stay of the bond, which was refused by the district court. Appellants have also established that the bond order includes $39,150 of costs not allowable under Fed. R. App. Proc. 7 and contravene the holding in *Azizian*. Moreover, Appellants' appeal is meritorious, as argued in Appellants' opposition to Plaintiffs' motion for summary affirmance. 9th Cir. Dkt. 8. Finally, as in *Azizian*, Appellants' failure to post a bond will not cause Plaintiffs' undue prejudice, as it is Appellants' exercise of their right to a meritorious appeal that will delay the settlement, rather than any punitive appeal bond.[1]

Simply put, *Azizian* does not permit the district court to dismiss an appeal for failure to post an appeal bond, because the power to dismiss an appeal rests

exclusively with this Court. Trial courts simply do not have that power. Nor does a district court have authority to sanction an appellant for failure to dismiss an appeal. But if this Court does not vacate the district court's order, Appellants will unfairly face sanctions before the Ninth Circuit can rule upon the propriety of the *ultra vires* order below.

### 3. The Appeal Bond Includes Amounts That Rule 7 Forbids.

Fed. R. App. Proc. 7 allows for posting of a bond in an "amount *necessary* to ensure payment of costs on appeal" (emphasis added). The lower court's order for an appeal bond in amount of $41,150 includes $39,150 of costs that are not allowable Fed. R. App. Proc. 7 or 39 and that would not be awarded should class counsel prevail on appeal.

The $39,150 is for "administrative costs" of settlement while the appeal is pending. Nothing in Fed. R. App. Proc. 7 or 39 permits the award of such costs. They do not belong in a Rule 7 appeal bond—especially because Fed. R. App. Proc. 8 only permits the imposition of such costs in a *supersedeas* bond.

Though plaintiffs allege they are not requesting costs of delay, the additional costs of settlement administration are quite clearly costs of delay, in this case attributable to a contract with a third party. **Every** appellate court to consider the question of whether "costs of delay" can be included in a Rule 7 appeal bond has held that they cannot. Delay costs are not properly included in those costs specified in Fed. R. App. Proc. 39(e) and 28 U.S.C. § 1920. *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985)*; In re Time Warner, Inc. Securities and "ERISA" Litigation,* 2007 WL 2741033 (S.D.N.Y. 2007). Simply put, costs of delay are not available under Fed. R. App. Proc. 7; rather they only available

through a *supersedeas* bond, which is only obtainable under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn; Am. Pres. Lines*. *See also Adsani v. Miller*, 139 F.3d at 70 n.2 (noting that supersedeas bonds are related to stays of execution and distinguishing between F.R.A.P 7 cost and F.R.A.P 8 supersedeas bonds).

Notably, when plaintiffs in *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) sought to include identical administrative costs in an appeal bond, the district court issued an order to show cause why plaintiffs should not be sanctioned for the request. The district court's order simply fails to address this important distinction of law and permitted a frivolous request for delay costs to be included in a Rule 7 bond.

A district court does *not* have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007). The plaintiffs concede that they may not seek such fees in an appeal bond here.

### 4. The Merit of the Appeal is Not Grounds for a Punitive Appeal Bond

The district court, through reference to its March 11, 2013 order for a prior appeal bond, asserts the objections were "without merit." Dkt. 117 at 3:15. Appellants disagree. As discussed in Appellants' Opposition to Motion for Summary Affirmance (Dkt. 7-1), the Court's fee order made multiple reversible

errors of law and fact in approving a $2 million attorney fee even though the class actually received less than $1.25 million.

But in any event, under *Azizian*, the lack of merit of an appeal is not grounds for increasing the size of an appeal bond beyond that which can be properly included in the bond, in this case $2,000. The "question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38." *Azizian,* 499 F.3d at 961. *Accord In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). This court also stated that allowing the imposition by district courts of impermissibly high appeal bonds on the ground that the appeal *might* be found to lack merit would have the effect of "'impermissibly encumber[ing]'" the right to appeal and "'effectively preempt[ing] this court's prerogative'" to make its own determination. *Azizian,* 499 F.3d at 961. If not vacated, the trial court's bond order operates to improperly coerce Appellants to either pay $39,150 in improper costs or dismiss their appeal through the threat of sanctions. The order puts Appellants between the proverbial rock and a hard place.

Appellants here request that the Ninth Circuit exercise that prerogative and vacate the bond order.

### 5. Alleged Vexatious Intent is Not Ground for a Punitive Appeal Bond

The district court accuses appellants of "vexatious intent" in the filing of their June 3, 2013 (Dkt. 131) notice of appeal. Nothing in Fed. R. App. Proc. 7 or *Azizian* permits an allegation of "vexatious intent" to justify a punitive appeal bond in an amount above the costs available in Rule 7. As discussed below, Appellants

dispute this. But more importantly, Ninth Circuit law does not permit imposing a punitive appeal bond because of alleged vexatious intent.

Plaintiffs falsely accused Appellants of objecting solely to extort plaintiffs. To dispel this false accusation, Appellants voluntarily offered (although not required to do so by any appellate rule) to "stipulate to an injunction in the trial court precluding them from withdrawing either objection or any appeal of either objection without trial court approval of the terms of any such withdrawal." *See* Dkt. 137. Plaintiffs refused the offered stipulation. Letter from Counsel, 06/20/2013. Plaintiffs' agreement to the stipulation would have mooted the question of any bad faith vexatious prosecution of these Appellants' objection; that plaintiffs refused to do so shows that their accusations of vexatiousness were made in bad faith.

Mr. Bandas was attorney of record in two notable cases he saw through to appeal and that both resulted in reversal of the trial courts' decisions. *See Dennis v. Kellogg Co.,* 697 F.3d 858 (9th Cir. 2012); *see In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). Plaintiffs' refusal to agree to a stipulation demonstrates that their fear is not of a bad-faith appeal brought for money, but that the appeal will reduce their excessive self-dealing attorneys' fee and result in the class receiving additional money.

More importantly this factual dispute over appellants' counsel's motives is completely legally irrelevant. Under Ninth Circuit law, a bad motive and a party's litigation history does not abrogate the legal right to make a meritorious argument. *Antoninetti v. Chipotle Mexican Grill* is directly on point. 643 F.3d 1165 (9th Cir. 2010). Plaintiff Antoninetti was a serial Americans with Disability Act litigant; a district court refused to grant him an injunction he was entitled to because it

questioned his sincerity: "Plaintiff has sued over twenty business entities for alleged accessibility violations, and, in all (but one) of those cases, he never returned to the establishment he sued after settling the case and obtaining a cash payment." 643 F.3d at 1175. Even though the grant of injunctive relief is a question of equity, the Ninth Circuit reversed. For the legislative regime to work, "it may indeed be necessary and desirable for committed individuals to bring serial litigation." *Id. Accord Molski v. MJ Cable,* 481 F.3d 724 (9th Cir. 2007); *see also Safeco Ins. Co. v. AIG, Inc.*, 710 F.3d 754 (7th Cir. 2013) (endorsing settlement of objection at appellate level).

*Antoninetti's* reasoning is also true under Rule 23(e)(5). For the same reason class action litigation is often superior to other forms of litigation, absent class members do not have the financial incentive to object: often, just the cost of postage exceeds the amount at stake. Absent class members cannot be protected unless experienced counsel for objectors can raise objections to the multiple violations of Rule 23 that occurred here. The improper *ad hominem* attacks against the objectors and their counsel influenced the district court's willingness to approve an abusive fee request at the expense of the class and to impose a punitive appeal bond to deter a legitimate appeal. Such *ad hominem* attacks should not preclude this Court's addressing seriously problematic errors of law on the merits.

## CONCLUSION

Appellants respectfully request that the Court vacate the district court's bond order to the extent that it includes amounts not allowable under FRAP 7 and orders dismissal of an appeal in direct contravention of Ninth Circuit law as established in *Azizian*.

Dated: July 16, 2013                                 Respectfully submitted,

                                            By:      */s/ Christopher A. Bandas*
                                                     Christopher A. Bandas
                                                     Texas Bar (00787637)
                                                     BANDAS LAW FIRM, P.C.
                                                     500 North Shoreline, Suite 1020
                                                     Corpus Christi, Texas 78401
                                                     Telephone: 361/698-5200
                                                     Facsimile: 361/698-2222


## DECLARATION

Christopher A. Bandas declares under penalty of perjury under the laws of the United States that the statements made regarding Appellants' repeated attempts to post with the district court the undisputed $2,000 amount of the appeal bond, and the district court's refusal to accept that $2,000, are true and correct.

                                                     */s/ Christopher A. Bandas*
                                                     Christopher A. Bandas

10
APPELLANTS' MOTION TO VACATE APPEAL BOND ORDER          Case No. 13-35491

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2013, I authorized the electronic filing of the foregoing with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will send notification of such filing to all participants in the case who are registered CM/ECF users.

I further certify that one participant in the case is not a registered CM/ECF user, and that I caused the foregoing to be mailed via the U.S.P.S. First Class mail, postage prepaid, to the following non-CM/ECF participant:

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

DATED this 16th day of July 2013.

                                          */s/ Christopher A. Bandas*
                                          Christopher A. Bandas